ELSIE LAURE, RESPONDENT, v. JACK SINGER, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. Defendant was sued in attachment and entered a general appearance, stating therein that he was willing to accept a declaration and complaint at the suit of the plaintiff, and pleaded as a defense that since the institution of the case *sub judice* he had been adjudged a bankrupt pursuant to the act of congress, and had included the claim of the plaintiff in his schedule of liabilities; that if discharge were granted him the indebtedness to the plaintiff would be discharged; therefore, the matters in controversy here were such as should be adjudged by the bankruptcy court, and that if the Essex Circuit Court should assume jurisdiction it should only be for the purpose of determining the amount due the plaintiff, staying further proceedings, &c. *Held*, that plaintiff was entitled to recover on her contract in the court below, so that the amount due could be collected from the surety company that went on the bond to release the attachment, even

if the defendant should obtain his discharge in bankruptcy and the recovery could not by law be collected from him. *Held, further,* that assuming defendant is entitled to have execution on the judgment herein stayed, his remedy would appear to be to apply to the court below, or to the Court of Chancery for an injunction, for that purpose.

2. The contract sued on contained a clause that it should be construed only according to the laws of the State of New York, and that any suit or action thereon should be brought and be maintainable only in the county and State of New York and not elsewhere. Defendant, besides pleading this, also pleaded to the merits and went to trial on the merits, cross-examining the plaintiff when testifying in her own behalf, but not returning with the record on appeal so much of the evidence given at the trial as was necessary to present the question of law upon which objection was taken upon the question of the jurisdiction of the court below to hear and determine the case. *Held,* that, for want of such evidence, nothing appears to show that the trial court's decision, adverse to the defendant on this question, was erroneous. *Held, further,* that an abridgment of the state of the case on appeal, under rule 19 of this court, does not authorize the omission to return so much of the evidence given at the trial as is necessary to make an objection intelligible and furnish ground for allowance or disallowance of the exceptions; the practice heretofore obtaining on bills of exceptions still persists on objections made in lieu of exceptions.

On appeal from the Essex County Circuit Court.

For the appellant, *Stein, Stein & Hannoch.*

For the respondent, *Lionel P. Kristeller.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This suit is based upon a written contract dated May 24th, 1922, made in Hamburg, Germany, between plaintiff, a resident of Germany, and defendant, a resident of New York. Plaintiff was a theatrical performer. Defendant was a theatrical producer. The contract provided for a thirty-week engagement to be performed by the plaintiff for the defendant during the theatrical season of 1922-1923 throughout the United States and Canada, at a weekly salary of $300. After performing for a few days, plaintiff was discharged at Brooklyn, New York, on Septem-

ber 9th, 1922. She alleged that she was wrongfully discharged. The defendant contended that the discharge was a proper one. The jury found in favor of the plaintiff, and the question of wrongful discharge was, therefore, set at rest.

On September 28th, 1922, a writ of attachment was issued out of the Essex Circuit Court at the suit of the plaintiff against the defendant on the ground of his non-residence. Defendant entered a general appearance in the cause and stated therein that he was willing to accept a declaration and complaint at the suit of the plaintiff. Thereafter, complaint and answer were duly filed. Defendant's answer denied that plaintiff was discharged from defendant's employ without reasonable or just cause, and also denied that she performed all of the agreements and conditions. And for a separate defense pleaded paragraph 12 of the contract, which provides, *inter alia,* that the contract shall be construed only according to the laws of the State of New York, and that any suit or action thereon shall be brought, and shall be maintainable only in a court held within the county and State of New York and not elsewhere; and averred that the Essex County Circuit Court was, therefore, without jurisdiction in the premises. And for another separate defense (sixth) it was pleaded that the defendant, since the institution of the cause, had been adjudged a bankrupt pursuant to the act of congress relating to bankruptcy, and had filed a schedule setting forth his assets and liabilities, in which was included the claim of the plaintiff, due notice of the pendency of which said bankruptcy proceedings had been given to the plaintiff; that the time within which application for discharge might be made in said bankruptcy proceedings had not then expired, and, if discharge were granted, the indebtedness to the plaintiff would be discharged; that the matter in controversy between the parties, therefore, was one which should be adjudged by the federal court, and that the Essex Circuit Court should not assume jurisdiction; that in the event that that court should assume jurisdiction, it should only be for the purpose of determining the amount of indebtedness due to the plaintiff from the

defendant, staying further proceedings pending the determination of the bankruptcy proceedings and the discharge of the bankrupt. The case was brought to trial before Judge Mountain and a jury. There was a verdict for plaintiff, upon which judgment was entered, and defendant appeals here.

There are two grounds of appeal urged—(1) the court erred in striking out the defendant's sixth defense; (2) the court erred in assuming jurisdiction in the case in view of clause twelve of the contract.

First. Because it appears that the debt on which the judgment under review was recovered is one from which a bankrupt is entitled to be discharged under the Bankruptcy act, which would relieve the defendant from his obligation to the plaintiff under the contract sued on, it is suggested in the brief on his behalf, that if the court should have heard the case, it should only have been for the purpose of fixing the amount of liability, and that plaintiff should be restrained from further proceedings under the judgment until disposition of the bankruptcy proceedings.

We think that it was proper for the trial court to determine the suit at bar, and that it was not error to strike out the sixth defense, so that if the plaintiff was entitled to recover on the contract, the amount due from the defendant could be collected from the surety company that went on the bond to release the attachment, even if the defendant obtains his discharge in bankruptcy, and the recovery cannot by law be collected from him. See *Butterick Publishing Co.* v. *Bowen Co.,* 33 *R. I.* 40; *U. S. Pump Co* v. *Northern Penn. Co.,* 227 *Pa. St.* 262. Assuming that defendant is entitled to have the collection of the judgment in this case stayed pending his application for discharge in the bankruptcy court, and perpetually thereafter if he be discharged, his remedy would appear to be to apply to the Essex Circuit Court to stay execution, or to the Court of Chancery for an injunction.

Second. It is argued that because of the stipulation that the contract shall be construed only by the laws of New York, and any suit brought thereon shall be in the county and State of New York only, the Essex Circuit Court had no jurisdic-

tion to hear and determine this cause. We think that the agreement in that behalf in the contract made, if lawful and enforceable, was waived by the conduct of the defendant, and it therefore becomes unnecessary to decide as to the *situs* of the *forum*.

This is a transitory action, and, consequently, triable here (*Hill* v. *Nelson,* 70 *N. J. L.* 376; *Defiance Fruit Co.* v. *Fox,* 76 *Id.* 482, 485; *Karr* v. *N. Y. Jewell Filtration Co.,* 78 *Id.* 198), unless our jurisdiction be ousted by the stipulation in the agreement to which reference has just been made. Defendant, however, besides pleading the twelfth paragraph of the contract, that no suit should be brought on it except in the county and State of New York, pleaded also to the merits, and, more than that, went to trial on the merits. It may be that the entry of a special appearance, for the sole purpose of objecting to the jurisdiction, would be good without leave of the court for that purpose obtained (*Groel* v. *United Electric Co.,* 68 *N. J. Eq.* 249; *Allman* v. *United Brotherhood,* 79 *Id.* 150; affirmed for the reasons given in the court below (*Ibid.* 641), but no such appearance was entered, with or without leave.

There was an answer (substituted for a plea under our present practice) objecting to the jurisdiction, coupled with an answer to the merits. It has been repeatedly held in the Supreme Court that, after bond given and appearance entered in attachment, the writ will not be quashed, but if it clearly appears that it is sued out wholly for a claim for which attachment will not lie, or against a person who is not subject to attachment, the property will be discharged from the lien attempted to be imposed upon it. *Moore* v. *Richardson & Baldwin,* 65 *N. J. L.* 531; *Sullivan* v. *Moffat,* 68 *Id.* 211; *Cord* v. *Newlin,* 71 *Id.* 438; The writ stands as a summons. *Hisor* v. *Vandiver,* 82 *Id.* 303, 305. However, no application, either to quash the writ or to discharge the property attached, was made for those reasons, and the question of jurisdiction is therefore to be decided upon other grounds.

In *McGuinness* v. *McGuinness,* 72 *N. J. Eq.* 381, 384, Chief Justice Gummere observed that a defendant who, in one breath, challenges the jurisdiction, and in the next asks relief against the plaintiff on the merits, submits himself generally to the jurisdiction. In *Laura* v. *Puncerelli,* 91 *N. J. L.* 38, an attachment suit in which defendant had entered a special appearance reserving the right to except to the jurisdiction, Mr. Justice Swayze said that where defendant took part in the trial of the cause to the extent of cross-examining a witness as to the merits, it was equivalent to a general appearance. The state of the case before us discloses only the commencement of the plaintiff's cross-examination. The rest is omitted. We are informed by the judge's charge that the defendant did not appear, and the defense contented itself with the cross-examination of the witnesses for plaintiff.

While it is true that rule 19 of this court provides that by agreement of parties an abridgement of the state of the case may be printed in lieu of the complete record, and while it is stipulated and agreed by the appellant and respondent here that this cause shall be submitted to this court upon the abridged record attached thereto, nevertheless, counsel by stipulation cannot omit anything of record necessary to properly present the matter to the court above. In the abridged state of the case the only witness examined on behalf of the plaintiff was that individual herself. The record before us, on that phase of the case, shows only the following:

"Direct examination by Mr. Kristeller.

"Mr. Kristeller—I offer in evidence the contract.

"Contract is marked *Exhibit P-1.*

"Mr. Kristeller—I offer in evidence the stipulation of counsel.

"Stipulation is marked *Exhibit P-2.*

"[*Exhibit P-1* is read to the jury.]

"[*Exhibit P-2* is read to the jury.]

"*Q.* Madam, you are the person who signed this contract?

"*A.* Yes, sir."

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

"Cross-examination by Mr. Hannoch.

"*Q.* When this contract was signed where were you?

"*A.* In Hamburg.

"*Q.* That is where you live?

"*A.* Yes, sir.

"*Q.* Are these your signatures here?

"*A.* This is mine and this is my partner's."

*          *          *          *          *          *

"Plaintiff rests."

The asterisks clearly indicate that there was further testimony. It is argued in the reply brief for appellant that the fact upon which he relies to establish the contention that the court below should not have assumed jurisdiction was only brought out on cross-examination. That only showed that the contract was executed at Hamburg (Germany).

This court has held that a complainant must prove his case, and that all uncertainties of fact should be resolved against him. *Gordon* v. *Gordon,* 89 *N. J. Eq.* 535. When this case was first before this court there was a "stipulation to abridge the state of the case," signed by counsel, which recited that the facts upon which the appeal was based were to be found in the memorandum of conclusions of the Court of Chancery, and the state of the case was thereby abridged by omitting therefrom the testimony. But this court declined to consider and adjudge the cause without the testimony being before it, as the court could not find whether or not the Vice Chancellor reached the proper conclusions on the facts without the testimony being placed before it. Whereupon the testimony was printed, the cause re-submitted and decided upon the amended record. And, equally, when a defendant relies upon a factual situation, he must prove the facts and all uncertainties must be resolved against him. It is quite conclusively to be presumed that more testimony was adduced for the plaintiff on the trial in the court below than is returned in the state of the case; and this must be so, for, if it were not, the plaintiff must have been nonsuited, as she proved only when and where the contract was executed. Although the contract was admitted in evi-

dence, no testimony showing performance, or part perform-ance, or breach by defendant, is returned with the record. All these things appear to be assumed in the briefs, and no point is made of them.

In 4 *C. J.* 1320, it is stated that where a defendant at-tacks the complaint on the merits or enters into trial, he can-not in any form limit his appearance as a special one. See, also, *Gabriel* v. *Mason Art, Inc.,* 2 *N. J. Mis. R.* 50.

The common law rule of practice is that a bill of excep-tions should contain the exception made to the direction and ruling of the judge, together with so much of the evidence given at the trial as is necessary to make exception intelligible to the court of appeals, and furnish ground for the allowance or disallowance of the exception. 1 *Chit. Arch. Pr.* 441. Our Practice act (*Comp. Stat., p.* 4118, § 213), by requiring that a bill of exceptions shall con-tain so much only of the evidence as may be necessary to present the question of law upon which exceptions were taken at the trial, is a recognition and declaration of the common law rule. See, also, *Dodge* v. *State,* 24 *N. J. L.* 455, 463. And in *Robbins* v. *Vanderbeck,* 55 *Id.* 364, where a stipula-tion was substituted for a bill of exceptions, this court held that the stipulation would not answer, and that, in the ab-sence of such bill, error could not be assigned upon matter which the bill should contain. See, also, *Wanamassa Park Asso.* v. *Clark,* 61 *Id.* 611.

Now, conceding defendant's view that the fact that plain-tiff was not entitled to sue on the contract *sub judice,* was brought out on plaintiff's cross-examination, nothing appears on that examination except that the contract was made, and that in Germany. Further cross-examination may have dis-closed facts constituting waiver by defendant. And, for that matter, the examination of other witnesses for the plain-tiff may have disclosed it. We cannot infer in favor of an appellant who does not return all of the pertinent testimony with the record on appeal, that waiver was not disclosed in the testimony which has been omitted.

Although exceptions in civil cases have been abolished by the Practice act of 1912 (page 382, section 25), objection or exception must now be noted, and the ground should be stated as heretofore. *Kargman* v. *Carlo,* 85 *N. J. L.* 632, 636. Supreme Court rule 56, in abolishing pleas to the jurisdiction and pleas in abatement, provides that, in lieu thereof, objection shall be made on motion, and that the evidence necessary to determine the question may be taken by deposition, or as the court may direct. Under this rule objection to the jurisdiction could have been made in advance of trial on depositions taken under the rule. The motion appears to have been made and denied, but no proofs appear to have been before the court at that time. The motion was renewed on the trial and decided adversely to the defendant. In this ruling we concur.

The views above expressed lead to affirmance of the judgment under review.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 16.

*For reversal*—None.